UNITED STATES DISTRICT COURT    b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH ROSHAUN REID | CIVIL ACTION NO. 1:14-CV-03319 |
| VERSUS | JUDGE DRELL |
| BOBBY VENTURA, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

### I. Background

Before the Court is a complaint filed by plaintiff Kenneth Roshaun Reid ("Reid") pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), on November 20, 2014, and amended on February 25, 2015 (Doc. 9)[1] and August 10, 2015 (Doc. 18). The named defendants are Warden Carvajal (former warden of the United States Penitentiary in Pollock, Louisiana ("USP-Pollock")) and Lieutenant Ventura, a correctional officer employed at USP-Pollock. Reid contends that, while he was incarcerated in USP-Pollock on May 7, 2014, he was assaulted by Lt. Ventura while he was taking a shower (Doc. 1). Reid seeks monetary damages (including punitive damages).

Defendants answered the complaints (Doc. 34). Reid then filed a motion for summary judgment (Doc. 49), which Defendants have not opposed. Reid's motion is now before the Court for disposition.

---

[1] In his first amended complaint (Doc. 9), Reid also complains of being abused by BOP officers at USP-Lewisburg in Lewisburg, Pennsylvania. Reid has not named any defendants at USP-Lewisburg, nor would this Court does not have jurisdiction over those claims.

**II.     Law and Analysis**

    **A.     Standards governing the Motion for Summary Judgment.**

Rule 56 of the Federal Rules of Civil Procedure mandates that the Court shall grant a summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order.

Local Rule 56.2 also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. See Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then offer evidence sufficient to establish a genuine issue of material fact. In this analysis, the Court reviews the facts and draws all inferences most favorable to the nonmovant. See Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. See Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).

B. **Reid's unsupported Motion for Summary Judgment should be denied.**

Reid alleges in his complaints that, on May 7, 2014, Lt. Ventura screamed at him to get out of the shower. When Reid did not immediately comply because he was naked, Lt. Ventura grabbed him "aggressively," pulled him out of the shower "violently," and told the staff that Reid had hit him. Reid contends the "staff" then became hostile and roughed him up, scraped his body against the wall and floor, and ridiculed and humiliated him (Doc. 1). Reid contends he suffered several bruises, shoulder injuries, and back injuries[2] (Doc 18).

Reid has not supported his motion with any affidavits, a statement of undisputed facts, or other evidence as required by law. Unsupported allegations are insufficient to either support or defeat a motion for summary judgment. See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir.

---

[2] Reid's medical records show that, on May 7, 014, he was evaluated and found to be agitated; he reported pain "all over" (Doc. 36, p. 22/554). No injuries were noted to Reid's head, face, or mouth; he did not have any loose or missing teeth; he had minor abrasions on his left shoulder and some redness on his right shoulder; and he had a small abrasion on his right foot between his second and third toes (Doc. 36, p. 22/554). Reid ambulated without difficulty (Doc. 36, p. 22/554).

1995), op. revised in other part, 70 F.3d 26 (5th Cir. 1995) (citing Galindo v. Precision American Corp., 754 F.2d 1212, 1216 (5th Cir. 1985)); see also, Newkirk v. Keyes Offshore, Inc., 782 F.2d 499, 502 (5th Cir. 1986).

Since Reid has not carried his initial burden of identifying those portions of the record that he believes demonstrate the absence of a genuine issue of material fact, Reid is not entitled to a summary judgment in his favor and Reid's motion for summary judgment should be denied.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Reid's motion for summary judgment (Doc. 49) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

4

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___13th___ day of September, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge